URIAH R. MAYO *vs.* WILLIAM A. PEW & another.

Underwriters, who have delivered to a broker, for the assured, a policy containing an acknowledgment of the receipt of the premium, cannot insist, as a condition precedent, on their actual receipt of the premium note, which was delivered by the assured to the broker at the time of receiving the policy, and afterwards delivered to the underwriters.

A letter from the assured to underwriters who have delivered to him a policy, stating that he was insured elsewhere and had received no policy from them, written under the mistaken impression that such was the case, is no waiver or rescission of the policy.

Evidence that a schooner was driven on shore not far from Halifax in Nova Scotia, was bilged, and lay there till part of the outfits were got out of her in a damaged condition; that the master could not obtain storage for the outfits, and part of them would have been totally lost by delay; and that he therefore sold the outfits without first communicating with the underwriters at Gloucester in this state; will warrant a finding that the sale was not in violation of a provision, in a policy on the outfits, that property damaged should not be sold, without the consent of the underwriters, "unless positive proof can be produced that a further loss would be sustained by waiting such advice."

CONTRACT on a policy of insurance upon the schooner Sarah Jane and her outfits, issued by the defendants, who were underwriters at Gloucester ; to recover for a loss of $265 on the outfits. Writ dated December 18, 1866. Trial in the superior court, before *Lord*, J., who, after a verdict for the plaintiff, signed a bill of exceptions of which the following is all that is material.

The plaintiff applied to insurance brokers to obtain insurance on the schooner and outfits; these brokers employed John Parsons, Jr., to obtain a policy ; and Parsons applied to the defendants, who gave the policy sued on. The policy was dated June 14, 1865; purported to insure the plaintiff $1400 on the schooner, and $500 on the outfits; acknowledged the receipt of the consideration due from the plaintiff; and provided that a loss should be paid in sixty days after proof and adjustment thereof, and that property insured and damaged so that the underwriters were liable should not be sold without their consent, " unless positive

proof can be produced that a further loss would be sustained by waiting such advice."

The policy was given by Parsons to the brokers; and they gave it to the plaintiff, taking from him the premium note required by the policy, and handing it to Parsons; but Parsons did not deliver the note to the defendants until after September 19, 1865.

On or about September 18, 1865, the defendants wrote a letter to the plaintiff, which was not produced at the trial, and the contents of which were not in evidence, to which he returned this answer, dated September 19, 1865: "Yours of the 18th was duly received. In reply, would state that this spring I had orders to get the Sarah Jane insured, and I got her insured in Boston for $1400. I have received no policy from your office. Hoping this will prove satisfactory, I still remain, yours truly, U. R. Mayo." The plaintiff testified that, at the time he wrote this answer, he had not looked at his policy, supposed that the brokers had given him a policy from some Boston office, and had always before obtained insurance in Boston.

"The schooner was lost by driving on shore at Catch Harbor, not far from Halifax, Nova Scotia; was bilged; and lay there till a part of the outfits were got out of her in a bad and damaged condition. The master of the schooner could not obtain storage for the outfits, and part of them would be totally lost by delay, and he therefore caused the outfits to be sold, without first communicating with the owner or underwriters."

There was evidence as to the proofs and adjustment of loss; and the bill of exceptions referred to the papers containing them sent by the plaintiff to the defendants.

The defendants requested the judge to instruct the jury "that no contract for insurance, binding upon them, had been effected by the plaintiff with them; that, if the plaintiff had effected any such insurance, it had been rescinded previously to the alleged loss; that there was no proof of claim or adjustment of the plaintiff's loss, such as the policy called for; that this action was brought before the plaintiff's claim, if he had any, had become due and payable; that there was no abandonment and proof of

abandonment; that under the circumstances the acts of the master in making said sales were illegal and not justifiable, and were in violation of the conditions of the policy, and therefore the plaintiff's action could not be maintained."

" The judge declined so to rule; and did rule that the plaintiff might recover upon this evidence. The defendants not desiring to submit any question to the jury, the judge instructed them that the evidence was sufficient to warrant them in returning a verdict for the plaintiff, which was done, and the defendants alleged exceptions."

At the argument in this court on the exceptions no copies of the papers containing the proofs and adjustment of loss were furnished to the court, and the defendants' counsel declined to avail himself of an opportunity to procure them.

*B. H. Smith*, for the defendants.

*J. L. Newton*, for the plaintiff.

Gray, J. The defendants show no ground for sustaining their exceptions to the judge's refusal to give any of the rulings requested at the trial.

1. The defendants, having caused to be delivered to a broker, for the plaintiff, a policy fully made out in his name, containing an acknowledgment that they had received the premium, could not insist, as a condition precedent, on their own receipt of the premium note, which was delivered by the plaintiff to the broker at the time of receiving the policy, and afterwards delivered to the defendants.

2. The letter written by the plaintiff to the defendants in September 1865, under the mistaken impression that his policy was from a Boston office, and not from the defendants, did not amount to a waiver or rescission of the policy.

3. The papers containing the proofs and adjustment of loss, sent by the plaintiff to the defendants, were not included in the copies furnished to this court; and the defendants' counsel, at the argument, declined to avail himself of the opportunity offered him to procure them. They are not therefore shown to have been defective.

4. For the same reason, the action is not shown to have been prematurely brought.

5. No abandonment is necessary to maintain an action, for a partial loss, at least. No question was made, in this case, of the amount which the plaintiff might recover.

6. There was some evidence that the sale by the master was necessary. The defendants did not ask to submit this or any other question to the jury.          *Exceptions overruled.*